Mabcus G-. Christ, J.
The plaintiffs, who are tenants under a 14-year lease, seek a temporary injunction to restrain their landlord from (1) rebuilding following a fire which destroyed the building on the leased premises; (2) from conducting any further negotiations for the adjustment of claims for fire loss under any fire insurance policy relating to the leased premises without the plaintiffs’ participation therein; and (3) from disbursing or otherwise using the proceeds of insurance already collected except in accordance with the terms of the written lease.
An examination of the lease reveals that the plaintiffs are obligated to rebuild. The insurance proceeds are earmarked for this purpose. If such insurance proceeds are insufficient, the deficiency is to be supplied by the plaintiffs (art. XVI, §§ 1, 2). The adjustment of the claims for fire loss is a matter of vital concern to the plaintiffs in view of this obligation to make up any deficiency if the insurance proceeds are not enough to pay the cost of rebuilding. This was recognized by the parties when they expressly agreed that the tenant and landlord 1 ‘ jointly shall have the right to adjust * * * any claim for damage to or destruction of the building on the demised premises or the fixtures thereof by fire or otherwise ” (art. XVI, § 3).
• The defendant was notified by the municipal authorities to take down certain walls which such authorities considered were hazardous after the fire. However, as between the parties to the lease, the obligation of complying with municipal ordinances and regulations is placed upon the tenant (art. VII, § 1). However, the tenant is expressly granted the right to contest the validity of any municipal ordinances or regulations.
The defendant has apparently proceeded upon the theory that because the plaintiffs had not complied with the covenant to maintain insurance up to 80% of insurable value, she was free to demolish the standing walls, and adjust claims for fire loss without the plaintiffs’ participation. Regardless of the failure of plaintiffs to take out the additional insurance, they are obligated to rebuild using such insurance moneys as are *601 ultimately available and if that proves insufficient, to supply the balance themselves.
In view of the provisions of the written lease, the court is of the opinion that the plaintiffs are entitled to the relief sought by way of a temporary injunction. The amount of the undertaking to be furnished by the plaintiffs is fixed at $250.
Settle order on notice.